**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 15 |
| CDS US HOLDINGS NEWCO, INC. (f/k/a CDS U.S. HOLDINGS, INC., *et al.*),[1] | ) ) ) ) | Case No. 20-11719 (JKS) |
| Debtors. | ) ) | (Jointly Administered) |

**ORDER GRANTING MOTION**
**PURSUANT TO SECTIONS 105(A), 1507, 1521, AND 1525**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE**
**9006, (I) RECOGNIZING AND ENFORCING THE FOURTH AVO**
**EXTENSION ORDER, EFFECTIVE *NUNC PRO TUNC* TO THE DATE OF ENTRY**
**THEREOF BY THE CANADIAN COURT AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Cirque de Soleil Canada Inc., in its capacity as the former authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"), requests entry of an order (this "Order") pursuant to sections 105(a), 1507, 1521, and 1525 of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 9006-1 and 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) recognizing and giving effect in the United States to the Fourth AVO Extension Order, attached hereto as **Exhibit 1**; and (b) granting related relief; and the Court having jurisdiction to consider the Motion

---

[1] The last four digits of Debtor CDS US Holdings Newco Inc. (f/k/a CDS Holdings, Inc.) tax identification number are (7842). Due to the large number of debtor entities in these jointly administered chapter 15 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers as of the Petition Date are not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at www.omniagentsolutions.com/cirquedusoleil. The location of the Debtors' service address for purposes of these chapter 15 cases is: 8400, 2e Avenue Montréal, Quebec H1Z 4M6 Canada.

[2] Capitalized terms used and not defined herein shall have the meaning ascribed to such terms in the Motion.

pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that due and proper notice of the Motion has been provided and no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, IT IS HEREBY FOUND AND DETERMINED THAT:[3]

1. This Court has jurisdiction and authority to hear and determine the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). Venue of these chapter 15 cases and the Motion in this Court and this District is proper under 28 U.S.C. § 1410.

2. Based on the affidavits of service filed with, and the representations made to, this Court: (a) notice of the Motion was proper, timely, adequate, and sufficient under the circumstances of these chapter 15 cases and these proceedings and complied with the various applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and (b) no other or further notice of the Motion, or the entry of this Order is necessary or shall be required.

3. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

4. The relief granted herein is necessary and appropriate, is in the interest of the public, promotes international comity, is consistent with the public policies of the United States,

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

is warranted pursuant to sections 105(a), 1507, 1521, and 1525 of the Bankruptcy Code, and will not cause any hardship to any parties in interest that is not outweighed by the benefits of the relief granted.

5. Based on information contained in the Motion, the relief granted herein relates to assets that, under the laws of the United States, should be administered in the Canadian Proceedings.

6. The interests of the Debtors' creditors in the United States are sufficiently protected. The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policies of the United States, and warranted pursuant to section 1521(b) of the Bankruptcy Code.

7. The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

IT IS HEREBY ORDERED THAT:

8. The Motion is granted in its entirety.

9. The Court recognizes the Fourth AVO Extension Order, attached hereto as **Exhibit 1**, which is hereby given full force and effect in the United States in its entirety, effective *nunc pro tunc* to the date of entry of the Fourth AVO Extension Order by the Canadian Court. For the avoidance of doubt, the Non-Acquired Debtors shall be deemed to be dissolved without any further action pursuant to and subject to the terms of the Approval and Vesting Order and the Fourth AVO Extension Order.

10. Pursuant to sections 105(a), 1507, 1521, and 1525 of the Bankruptcy Code, the Fourth AVO Extension Order, and this Order, the Debtors, the Buyer and its affiliates, and the Monitor (as well as each of their respective officers, employees and agents) are authorized to take

any and all actions necessary or appropriate to implement the Fourth AVO Extension Order and this Order.

11. All objections to the entry of this Order that have not been withdrawn, waived, or settled, or otherwise resolved pursuant to the terms hereof, are denied and overruled on the merits, with prejudice.

12. The Approval and Vesting Order, Sale Recognition Order, First AVO Extension Order, Second AVO Extension Order, and Third AVO Extension Order shall remain in full force and effect, absent further order of this Court, and shall be modified only to the extent set forth in this Order and the exhibits attached hereto. The failure specifically to include any particular provision of the Fourth AVO Extension Order in this Order shall not diminish or impair the effectiveness of such provision.

13. Notwithstanding the provisions of Bankruptcy Rules 6004(h) or any applicable provisions of the Bankruptcy Rules or Local Rules, this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) is hereby expressly waived and shall not apply.

14. This Court shall retain jurisdiction with respect to any and all matters, claims, rights, or disputes arising from or related to the implementation or interpretation of this Order and the Fourth AVO Extension Order in the United States.

Dated: _____, 2023       _____
      Wilmington, Delaware             United States Bankruptcy Judge

**<u>Exhibit 1</u>**

**Fourth AVO Extension Order**

# SUPERIOR COURT
(Commercial Division)

CANADA
PROVINCE OF QUEBEC
DISTRICT OF MONTREAL

N°:     500-11-058415-205

DATE:     December 18, 2023

**BEFORE THE HONOURABLE LOUIS J. GOUIN J.S.C.**

**IN THE MATTER OF THE** *COMPANIES' CREDITORS ARRANGEMENT ACT*, **R.S.C. 1985, c. C-36, AS AMENDED:**

**9424-9356 QUEBEC INC.**

-and-

**9424-9398 QUEBEC INC.**

-and-

**THE OTHER APPLICANTS LISTED IN SCHEDULE "A" HEREOF**

    Applicants

-and-

**ERNST & YOUNG INC.**

    Monitor

**ORDER EXTENDING CERTAIN DELAYS IN THE APPROVAL AND VESTING ORDER**

[1]   **ON READING** the *Application for the Issuance of an Order Extending Certain Delays in the Approval and Vesting Order* (the "**Application**"), the affidavit and the exhibit in support thereof, and the confirmation that the Monitor is supportive of same;

[2]   **SEEING** the service of the Application;

[3]   **SEEING** the submissions of the Applicants' attorneys;

- 2 -

[4]   **GIVEN** the *Approval and Vesting Order* dated October 26, 2020 (the "**Approval and Vesting Order**");

[5]   **GIVEN** the Order Extending Certain Delays in the Approval and Vesting Order dated May 5, 2021 (the "**First Extension Order**");

[6]   **GIVEN** the Order Extending Certain Delays in the Approval and Vesting Order dated November 19, 2021 (the "**Second Extension Order**");

[7]   **GIVEN** the Order Extending Certain Delays in the Approval and Vesting Order dated November 25, 2022 (the "**Third Extension Order**");

[8]   **GIVEN** the provisions of the *Companies' Creditors Arrangement Act*;

[9]   **SEEING** that the Application is not contested;

**WHEREFORE, THE COURT:**

[10]  **GRANTS** the Application.

[11]  **ORDERS** that unless otherwise indicated or defined herein, capitalized terms used in this Order shall have the meanings given to them in the Approval and Vesting Order.

**SERVICE**

[12]  **ORDERS** that any prior delay for the presentation of the Application is hereby abridged and validated so that the Application is properly returnable today and hereby dispenses with further service thereof.

[13]  **PERMITS** service of this Order at any time and place and by any means whatsoever, including by email.

**EXTENSION OF DELAY**

[14]  **ORDERS AND DECLARES** that the delay established at paragraph [29] of the Approval and Vesting Order by which the Buyer shall be entitled to notify the Seller from time to time, with a copy to the Monitor, that it seeks the Court-ordered assignment of additional Assigned Agreements and/or Excluded Contracts is hereby extended to December 31, 2024.

[15]  **ORDERS AND DECLARES** that the delay established at paragraph [53] of the Approval and Vesting Order by which the Non-Acquired Debtors shall be deemed to be dissolved without any further action, including the filing of any documents with the secretary of state or similar official for the state or other jurisdiction in which the Non-Acquired Debtors are formed or incorporated is hereby extended to December 31, 2024.

- 3 -

**GENERAL**

[16]   **ORDERS AND DECLARES** that except for the extension of delays set forth in paragraphs [14] and [15] herein, nothing in this Order amends, varies, modifies or restates the Approval and Vesting Order, which remains in full force and effect.

[17]   **DECLARES** that this Order shall have full force and effect in all provinces and territories in Canada.

[18]   **DECLARES** that the Debtors shall be authorized to apply as they may consider necessary or desirable, with or without notice, to any other court or administrative body, whether in Canada, the United States of America or elsewhere, for orders which aid and complement this Order, including an order authorizing the dissolution, winding-up, consolidation, or conversion of one or more of the Debtors, and, without limitation to the foregoing, an order under Chapter 15 of the U.S. Bankruptcy Code. All courts and administrative bodies of all such jurisdictions are hereby respectfully requested to make such orders and to provide such assistance to the Debtors, the Monitor and the Buyer as may be deemed necessary or appropriate to give effect to this Order.

[19]   **REQUESTS** the aid and recognition of any court or administrative body in any Province of Canada and any Canadian federal court or administrative body and any federal or state court, administrative body or similar entity or organization in the United States of America and any court or administrative body elsewhere, to act in aid of and to be complementary to this Court in carrying out the terms of this Order.

[20]   **ORDERS** the provisional execution of the present Order notwithstanding any appeal and without the requirement to provide any security or provision for costs whatsoever.

**THE WHOLE WITHOUT COSTS**.

_____
**The Honourable Louis J. Gouin, J.S.C.**

## SCHEDULE "A"

**Applicants**

1. FormerCS GP Inc. (formerly Cirque du Soleil GP Inc.)
2. FormerCS U.S. Holdings, Inc. (formerly CDS U.S. Holdings, Inc.)
3. FormerCS U.S. Intermediate Holdings, Inc. (formerly CDS U.S. Intermediate Holdings, Inc.)
4. FormerCS Holding USA, Inc. (formerly Cirque du Soleil Holding USA, Inc.)
5. FormerCS (US), Inc. (formerly Cirque du Soleil (US), Inc.)
6. FormerCS America, Inc. (formerly Cirque du Soleil America, Inc.)
7. VStar Entertainment Group, LLC
8. FormerCS Dreams Holdings LLC (formerly Cirque Dreams Holdings LLC)
9. VStar Merchandising, LLC
10. VStar International, LLC
11. VStar Theatrical, LLC
12. VStar Touring, LLC
13. FormerCS Orlando, L.L.C. (formerly Cirque du Soleil Orlando, LLC)
14. FormerCS Nevada, Inc.(formerly Cirque du Soleil Nevada, Inc.)
15. FormerCS My Call, L.L.C. (formerly Cirque du Soleil My Call, LLC)
16. Velsi, LLC
17. Blue Man Inc.
18. Blue Man Group Holdings, LLC
19. Blue Man Group Records, LLC
20. Astor Show Productions, LLC
21. Blue Man Group Publishing, LLC
22. Blue Man Vegas, LLC
23. Blue Man Orlando, LLC
24. Blue Man Productions, LLC
25. Blue Man Chicago, LLC
26. Blue Man International, LLC
27. FormerCS Radio CT Holding, L.L.C. (formerly Cirque du Soleil Radio CT Holding, LLC)
28. FormerCS Radio CT, L.L.C. (formerly Cirque du Soleil Radio CT, LLC)
29. The Works Entertainment, LLC
30. FormerCS Theatrical, L.L.C.(formerly Cirque Theatrical, LLC)

**Limited Partnerships**

1. FormerCS Holdings L.P. (formerly Cirque du Soleil Holdings L.P.)