**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 15 |
|  | ) |
| CDS US HOLDINGS NEWCO, Inc. (f/k/a CDS U.S. HOLDINGS, INC., *et al.*),[1] | ) Case No. 20-11719 (JKS) |
|  | ) |
| Debtors in a Foreign Proceeding. | ) (Jointly Administered) |
|  | ) |

**FINAL REPORT AND MOTION FOR ENTRY OF
AN ORDER AND FINAL DECREE CLOSING CHAPTER 15 CASES**

Cirque du Soleil Canada Inc., in its capacity as the former authorized representative (the "Foreign Representative") of the above-captioned debtors in a foreign proceeding (the "Debtors") regarding the Debtors' foreign restructuring proceeding, which are the subject of jointly-administered proceedings under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (as amended, the "CCAA") in the Superior Court of Quebec, Commercial Division (the "Canadian Proceedings"), respectfully submits this final report and motion seeking entry of an order, substantially in the form attached hereto, closing the above-captioned chapter 15 cases pursuant to sections 105, 350(a), 1517(d), and 1518(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 5009 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this final report and motion, the Foreign Representative respectfully states as follows:

---

[1] The last four digits of the tax identification number for Debtor CDS U.S. Holdings Newco Inc. (f/k/a CDS Holdings, Inc.) are (7842). Due to the large number of debtor entities in these chapter 15 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing agent at www.omniagentsolutions.com/cirquedusoleil. The location of the Debtors' service address for purposes of these chapter 15 cases is: 8400, 2e Avenue Montréal, Quebec H1Z 4M6 Canada.

### Relief Requested

1. The Foreign Representative respectfully requests entry of an order closing the chapter 15 cases, without prejudice to the Foreign Representative's or the Debtors' ability to seek to reopen the chapter 15 cases at a later time should the need to reopen such cases arise.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order"). The Debtors confirm their consent, pursuant to rule 7008 of the Bankruptcy Rules and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. These chapter 15 cases have been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of petitions for recognition of the Canadian Proceedings under section 1515 of the Bankruptcy Code.

4. Venue is proper pursuant to 28 U.S.C. §1410.

5. The statutory bases for the relief requested herein are sections 350, 1517, and 1518 of the Bankruptcy Code, and Bankruptcy Rule 5009.

### Final Report

6. As further described in the *Declaration of Foreign Representative Pursuant to 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and in*

*Support of Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [Docket No. 3] (the "Lefebvre Declaration"),[2] the Debtors commenced these chapter 15 cases to facilitate a financial restructuring by obtaining recognition and enforcement of the Canadian Proceedings and orders of the Canadian Court entered therein within the territorial jurisdiction of the United States.

7.     On June 28, 2020 the Council of Representatives of Cirque du Soleil Holdings L.P. ("Council of Representatives") appointed Cirque du Soleil Canada Inc. as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code for purposes of the Canadian Proceedings, and the Council of Representatives authorized Cirque du Soleil Canada Inc. to file the Verified Petition (as defined below) seeking recognition of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.  On June 29, 2020, the Debtors commenced the Canadian Proceedings with the Canadian Court pursuant to sections 9, 11, 11.51, 11.52, and 23 of the CCAA.

8.     On July 1, 2020 (the "Petition Date"), the Foreign Representative filed a verified petition for recognition of the Canadian Proceedings [Docket No. 2] (the "Verified Petition"), seeking, among other things, recognition of its status as the Debtor's foreign representative, recognition of the Canadian Proceedings as a "foreign main proceeding" under section 1517 of the Bankruptcy Code, and certain related relief.  The Foreign Representative also filed a motion seeking entry of an order scheduling a final hearing on the Verified Petition [Docket No. 8].

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Lefebvre Declaration or the Sale Recognition Motion (as defined herein).

9.      On July 2, 2020, the Court granted certain first day relief [Docket Nos. 36, 38] and gave full force and effect to the First Day CCAA Order on a provisional basis [Docket No. 37].

10.     On July 17, 2020, the Canadian Court entered the *Order Approving a Sale and Investment Solicitation Process* authorizing the Debtors' entry into a stalking horse asset purchase agreement with the Ad Hoc Group (the "Ad Hoc Group Stalking Horse Bid").

11.     On August 11, 2020, the Court entered the *Order Granting Petition for (I) Recognition as a Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [Docket No. 90], granting the Debtors' verified petition and recognizing the Canadian Proceedings as foreign main proceedings pursuant to section 1517 of the Bankruptcy Code, among other relief.

12.     On October 9, 2020, the Debtors entered into an amendment agreement with respect to the Ad Hoc Group Stalking Horse Bid to reflect an agreed transaction structure (as amended, the "Spectacle Sale Agreement"), pursuant to which Spectacle BidCo Holdings Inc., as assignee of Spectacle Bidco LP, the acquisition vehicle for the Ad Hoc Group (the "Buyer"), would acquire substantially all of the operations of the Debtors (the "Spectacle Transaction").

13.     On October 14, 2020, the Foreign Representative filed the *Foreign Representative's Motion, Pursuant to Sections 105(A), 363, 365, 1501, 1507, 1520, and 1521 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, and 9014, for Entry of an Order (I) Recognizing and Enforcing the Approval and Vesting Order, (II) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, and Encumbrances, (III) Recognizing and Enforcing the Administrative Reserves Order and (IV) Granting Related*

*Relief* [Docket No. 97] (the "Sale Recognition Motion") seeking an order recognizing and giving effect in the United States to the Approval and Vesting Order.

14.     On October 26, 2020, the Canadian Court entered the *Approval and Vesting Order* (the "Approval and Vesting Order"), approving the Spectacle Transaction and authorizing the entry into the Spectacle Sale Agreement and the sale of the Debtors' assets to the Buyer.

15.     On October 29, 2020, the Court entered an order recognizing and giving full force and effect in the United States to the Approval and Vesting Order and approving and authorizing the Spectacle Sale Agreement and the Spectacle Transaction [Docket No. 112].  The Spectacle Transaction closed on November 24, 2020 (the "Effective Date").

16.     On May 5, 2021, the Canadian Court entered the *Order Extending Certain Delays in the Approval and Vesting Order*, (the "First AVO Extension Order") extending the Assignment Period from six months after the Effective Date to twelve months after the Effective Date and extending the time following the Effective Date by which the Non-Acquired Debtors will be dissolved from 6 months and one day to 12 months and one day.

17.     On May 17, 2021, the Court entered an order recognizing and giving full force and effect in the United States to the First AVO Extension Order [Docket No. 128].

18.     On November 19, 2021, the Canadian Court entered another *Order Extending Certain Delays in the Approval and Vesting Order*, (the "Second AVO Extension Order") further extending the Assignment Period from twelve months after the Effective Date to twenty-four months after the Effective Date and extending the time following the Effective Date by which the Non-Acquired Debtors will be dissolved from twelve months and one day to twenty-four months and one day.

19.     On December 3, 2021, the Court entered an order recognizing and giving full force and effect in the United States to the Second AVO Extension Order *nunc pro tunc* to the date of entry of the Second AVO Extension Order by the Canadian Court [Docket No. 136].

20.     On November 25, 2022, the Canadian Court entered another *Order Extending Certain Delays in the Approval and Vesting Order* (the "Third AVO Extension Order") further extending the Assignment Period from November 25, 2022, to December 31, 2023, and extending the date by which the Non-Acquired Debtors will be dissolved from November 25, 2022, to December 31, 2023.

21.     On December 19, 2022, the Court entered an order recognizing and giving full force and effect in the United States to the Third AVO Extension Order *nunc pro tunc* to the date of entry of the Third AVO Extension Order by the Canadian Court [Docket No. 148].

22.     On December 18, 2023, the Canadian Court entered another *Order Extending Certain Delays in the Approval and Vesting Order* (the "Fourth AVO Extension Order") further extending the Assignment Period from December 31, 2023, to December 31, 2024, and extending the date by which the Non-Acquired Debtors will be dissolved from December 31, 2023, to December 31, 2024.

23.     On January 8, 2024, the Court entered an order recognizing and giving full force and effect in the United States to the Fourth AVO Extension Order *nunc pro tunc* to the date of entry of the Fourth AVO Extension Order by the Canadian Court [Docket No. 155].

24.     The receivables that precipitated the repeated extension of deadlines are no longer outstanding and the automatic dissolution of the Non-Acquired Debtors occurred by operation of court order on December 31, 2024.

25.     On December 16, 2025, the monitor filed with the Canadian Court an *Application for the Issuance of an Order for the Termination of the CCAA Proceedings and Discharging the Monitor* seeking to close the Foreign Main Proceeding.

26.     There are no outstanding motions, contested matters, or adversary proceedings pending before the Court.   All documents and agreements necessary to implement the Spectacle Transaction have been executed.

**Basis for Relief**

27.     Section 1517(d) of the Bankruptcy Code provides that "[a] case under this chapter may be closed in the manner prescribed under section 350."  *See* 11 U.S.C. § 1517(d).  Local Rule 5009-2 provides, in relevant part, that:

> Upon written motion, a foreign representative in a proceeding recognized under section 1517 of the Code, may seek the entry of a final decree when the purpose of the representative's appearance in the Court is completed. Such motion shall describe the nature and results of the representative's activities in the Court and shall include a final decree order that (i) orders the closing of the case and (ii) identifies in the caption and in the body of the order the case name and the case number of each case to be closed under the order. . . . The foreign representative shall file a certificate of service with the Court that notice has been given. If no objection has been filed by the United States Trustee or a party in interest within thirty (30) days after the date of service, there shall be a presumption that the case has been fully administered and the Court may close the case.

Del. Bankr. L.R. 5009-2.

28.     Pursuant to section 350(a) of the Bankruptcy Code, a bankruptcy case may be closed "[a]fter an estate is fully administered . . . ."  A party may apply for an order closing a bankruptcy case after substantially all of the issues have been resolved and the plan has been substantially consummated. *See In re A.H. Robins, Co.*, 219 B.R. 145 (10th Cir. 1998).  A chapter 15 case has no "estate" *per se*.  *See In re ABC Learning Centres Ltd.*, 728 F. 3d 301, 312 (3d Cir. 2013).  Thus, pursuant to Bankruptcy Rule 5009(c), a chapter 15 case may be closed

"when the purpose of the foreign representative's appearance in court is completed." "[F]ully administered" means, at a minimum, that there are no outstanding motions, contested matters, or adversary proceedings. See, e.g., *In re Lupatech S.A.*, 611 B.R. 496, 503 (Bankr. S.D.N.Y. 2020). As discussed above, the Spectacle Transaction has closed, and the Debtors no longer require the protections afforded by the Bankruptcy Code. Further, there are no outstanding motions or other contested matters pending before the Court.

29.    Further, Bankruptcy Rule 5009(c) provides that a foreign representative shall "file a final report when the purpose of the representative's appearance in the court is completed." Accordingly, the Foreign Representative has submitted the above final report describing the nature and results of the Debtor's activities before the Court and the status of the Canadian Proceeding. Pursuant to Bankruptcy Rule 5009, the Foreign Representative has also provided the Office of the United States Trustee for the District of Delaware and all parties required by Bankruptcy Rule 5009(c) and Local Rule 5009-2(b) with notice of this final report and motion and submits that no other parties must be given notice hereof.

30.    As such, the Foreign Representative respectfully submits that the chapter 15 cases should be closed pursuant to sections 350(a), 1517(d), and 1518(1) of the Bankruptcy Code and Bankruptcy Rule 5009.

## **Notice**

31.    The Foreign Representative will provide notice of this motion to: (a) the Debtors; (b) the U.S. Trustee; (c) all creditors who have filed a request for notice under Bankruptcy Rule 2002 and Local Rule 9013-1; (d) all persons authorized to administer the foreign proceedings of the Debtors; (e) all parties to litigation pending in the United States in which the Debtors were party as of the Petition Date; and (f) such other entities as this Court may direct. In light of the

nature of the relief requested, the Foreign Representative submits that no further notice is required.

## <u>No Prior Request</u>

32.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Foreign Representative respectfully requests entry of the Order, substantially in the form attached hereto as **Exhibit A** granting the relief requested herein and such other and further relief as may be just and proper.

Dated: January 8, 2026
Wilmington, Delaware

/s/ *Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:        ljones@pszjlaw.com
              tcairns@pszjlaw.com

-and-

Aparna Yenamandra  (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        aparna.yenamandra@kirkland.com

-and-

Chad J. Husnick, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        chad.husnick@kirkland.com

*Counsel to the Foreign Representative*

DE:4928-0201-1270.1 12307.001

10